## Sulkin *v.* Gilbert, Appellant.

*Vendor and vendee—Fraudulent misrepresentations—Action for purchase money—Evidence—Province of court and jury.*

In an action by a vendor of real estate to recover purchase money, where the defendant sets up as a defense alleged misrepresentations of the vendor as to the location of the land with respect to a stream of water not included in the premises bargained for, and supports such defense by his own testimony, which is full, clear and explicit, the case must be submitted to the jury, although the defendant's testimony is not supported by any other witness. In such a case, however, the defendant must show that he was in fact misled by such misrepresentations, and if he fails to do so, it is proper to give binding instructions in favor of the plaintiff.

Argued March 13, 1907. Appeal, No. 3, Jan. T., 1907, by defendant, from judgment of C. P. Monroe Co., Feb. T., 1905, No. 19, on verdict for plaintiff in case of Louis Sulkin v. William A. Gilbert. Before FELL, BROWN, MESTREZAT, ELKIN and STEWART, JJ. Affirmed.

Assumpsit to recover purchase money for land. Before STAPLES, P. J.

The court charged in part as follows :

William A. Gilbert, the defendant, alleges that the fraud

committed upon him in this case by the plaintiff was, that at or about the time the negotiations took place relative to the execution of this contract, a blue print was present, the court does not remember whether it was brought there by the plaintiff, or how it got there, but at any rate it was there with the plaintiff and the defendant, and that the defendant asked the plaintiff whether the blue print correctly represented the land to be conveyed, and especially in this respect, as to the distance from the water to an alley on Harrison street, as the court remembers it, about ninety feet, and that the plaintiff said that it did. As the court remembers it, that conversation is alleged to have taken place in the morning, and in the afternoon the plaintiff appeared with the agreement or contract in question, and at the time of its execution this same blue print was there, and that the defendant substantially asked the same question with regard to the location of the creek or water, and that the plaintiff again stated that it fairly represented the situation.

The defendant claims that he wanted this tract for certain particular purposes and especially with reference to the water, and that he afterwards learned that the blue print did not represent truly the location of the water with reference to the contract, and that instead of its being ninety feet from the water to the point on Harrison street, namely, the alley, that there was practically no land there.

We say to you, gentlemen of the jury, that if that testimony was properly corroborated and believed by you, it would be a good defense to a recovery in this action, but as the court remembers the testimony, there was substantially no corroboration of the testimony of the defendant in this case as to this representation relative to the situation of the water in reference to the blue print, and the distance as therein mentioned. There was some little evidence with regard to the blue print, that it was seen in the office when Mr. Sulkin was there and there was some evidence about some talk had about distances, but as the court remembers it there was no evidence whatever as to the alleged misrepresentation by the plaintiff as to the situation of the water with reference to Harrison street or the alley that crossed Harrison street.

Crossman testified that about a week after this agreement

was made he went down upon this tract of land with Mr. Gilbert and with Sulkin, the plaintiff, and that while some measurements were being taken there, that Mr. Gilbert said to Mr. Sulkin, " the land is not here ; " that Sulkin at first made no reply, or words to that effect, and that when Mr. Gilbert again repeated it, Sulkin said, " I see it is not." The court holds that this is insufficient in itself to constitute a corroboration. It is too indefinite and uncertain, and it is the opinion of the court in this case that there was practically or substantially no corroboration of the defendant's testimony with regard to this allegation or assertion of fraud, namely, misrepresentation by the plaintiff.

Plaintiff flatly denies the statements by the defendant, and under this condition of the testimony, the defendant relying upon the allegation of fraud to prevent recovery, and this allegation of fraud being strictly confined to his own testimony, which is flatly denied by the plaintiff, the court holds it is insufficient to prevent a recovery in this case, and especially so, gentlemen of the jury, when there is taken into consideration the fact that this blue print was not attached or made part of the contract, although according to Mr. Gilbert's story, it was there at the time the contract was made; that no reference was made to the blue print in the contract which was executed by them, although if Mr. Gilbert's story were believed, the blue print was there, and its reference to the tract of land was talked over. This reference of the court to the blue print refers to this particular matter which it was alleged was the misrepresentation or fraud in connection therewith.

[This additional circumstance is taken into consideration with regard to ascertaining whether the measure of proof were high enough to avoid a recovery of this executed contract, and that it is a fact that this piece of land was within a very short distance of the mill where the contract was talked about, and where the contract was finally executed, and that it was not a matter so very difficult to ascertain whether the statement, if made, were true, relative to the creek by measurement as appears by the evidence in this case to the effect that on August 21 a measurement was made; and it was found that the alleged statement was untrue.] [5]

A written contract under seal, gentlemen of the jury, is

looked upon as a solemn act, and in order that persons who do
business and who make contracts should be relieved from un-
certainty, the courts have laid down the rule that in order to
avoid the effect of such a solemn contract, the proof of the
matter which it is sought to avoid or evade, must be of
more than ordinary character. It must be clear, precise and
indubitable, especially when referring to a case like this, and
where the only evidence by which it is sought to avoid a re-
covery in an action upon a contract like this, is simply that of
the party who seeks to avoid the recovery. That, in the
opinion of the court, is insufficient [and we therefore instruct
you, gentlemen of the jury, that upon the other phases of this
case, there being practically no contention against the position
of the plaintiff, with regard to his title, the executed contract,
the survey, the number of acres, and the tender, we direct you
to find a verdict in favor of the plaintiff as hereinbefore stated,
the aggregate amount of thirty-seven and ninety-five hun-
dredths acres at $120 an acre, less a payment of $300, and
interest upon the balance from August 22, 1903, at five per
cent.]. [6]

Verdict and judgment for plaintiff for $4,835.97. Defend-
ant appealed.

*Errors assigned* were (5, 6) above instructions, quoting them.

*A. Mitchell Palmer*, for appellant.—Fraudulent representa-
tions of an existing fact materially affecting the value of the
land constitute a good defense: Stubbs v. King, 14 S. & R.
206 ; Frederick v. Campbell, 14 S. & R. 293 ; Sutton v. Morgan,
158 Pa. 204 ; McNeile v. Cridland, 168 Pa. 16 ; Vernam v.
Wilson, 31 Pa. Superior Ct. 257.

The proof was sufficient to warrant the submission of the
question of the fraudulent representations to the jury : Machin
v. Prudential Trust Co., 210 Pa. 253 ; Guthrie v. Horner, 12
Pa. 236 ; Buchanan v. Wurtz, 5 Watts, 151 ; Braunschweiger
v. Waits, 179 Pa. 47 ; Smalley v. Morris, 157 Pa. 349.

A misrepresentation, which possibly might not be sufficient
ground of an action for damages, may be sufficient to entitle
the party deceived to rescind the contract or to defend pro
tanto, an action upon it : Lake v. Weber, 6 Pa. Superior Ct. 42.

*Rogers L. Burnett*, with him *Cicero Gearhart*, for appellee. —The alleged misrepresentations were not the inducement for the deed: Machin v. Trust Co., 210 Pa. 253; Atherholt v. Hughes, 209 Pa. 156; Commonwealth Title, etc., Co. v. Folz, 19 Pa. Superior Ct. 28; Blygh v. Samson, 137 Pa. 368.

Defendant's uncorroborated testimony as to alleged misrepresentations, was not sufficient to carry question to jury when flatly contradicted by plaintiff: Brawdy v. Brawdy, 7 Pa. 157; Ballentine v. White, 77 Pa. 20; Sower v. Weaver, 78 Pa. 443; Pennsylvania R. R. Co. v. Shay, 82 Pa. 198; Thorne v. Warfflein, 100 Pa. 519; Murray v. New York, etc., R. R. Co., 103 Pa. 37; North & West Branch Ry. Co. v. Swank, 105 Pa. 555; Juniata Bldg. & Loan Assn. v. Hetzel, 103 Pa. 507; Phillips v. Meily, 106 Pa. 536; Oppenheimer v. Wright, 106 Pa. 569; Jones v. Backus, 114 Pa. 120; Thomas v. Loose, 114 Pa. 35; Jackson v. Payne, 114 Pa. 67; Sylvius v. Kosek, 117 Pa. 67; English's App., 119 Pa. 533; Honesdale Glass Co. v. Storms, 125 Pa. 268; Yost v. Mensch, 141 Pa. 73; Mifflin County Nat. Bank v. Thompson, 144 Pa. 393; Skiles v. Dickson, 147 Pa. 117; Hoffman v. R. R. Co., 157 Pa. 174; McClain v. Smith, 158 Pa. 49; Wyckoff v. Ferree, 168 Pa. 261; Dickson v. Hartman Mfg. Co., 179 Pa. 343; Sutch's Est., 201 Pa. 305; Clayton v. Traction Co., 204 Pa. 536; Fuller v. Law, 207 Pa. 101; Pioso v. Bitzer, 209 Pa. 503.

OPINION BY MR. JUSTICE STEWART, May 20, 1907:

This case called for binding instructions, but not for the reason assigned. The only witness who testified to the alleged misrepresentations of the vendor with respect to the location of the land, was the defendant himself, but his testimony on this branch of the case was full, clear and explicit. That he was not supported by other witnesses, or, in the opinion of the trial judge, by the admitted facts of the case, would be no sufficient ground for refusing to submit the case to the jury. It might very well be that the jury would see correspondence where the court saw contradiction, or even without this, yet give entire credence to the testimony of the witness. It is a mistake to apply in actions of this kind rules of evidence which obtain in equity proceedings. The sufficiency and accuracy of the deed were not impeached; the court was not asked to re-

form it in any way; the defense rested on matters wholly outside of any writing. Did the plaintiff state to the defendant, during the negotiations, that the land described in the deed was located, with respect to a certain stream of water, in the manner represented on the map or blue print exhibited? No matter how this fact was found, it would not be in contradiction of the written agreement or the deed. True, where fraud is set up as a defense in an action of this character, the evidence to establish the fraud must be clear, explicit and indubitable; but whether it reaches this degree or not is a question for the jury. The testimony of a single witness, even though contradicted by others, may carry conviction to the minds of the jury, and, when this occurs, the law approves and sustains.

The case called for binding instructions for the plaintiff, because there was no evidence that the defendant was induced to enter into the contract of purchase by reason of this alleged misrepresentation. It is just as essential that it should appear that the party complaining relied upon the representation, and that but for it he would not have made the contract, as it is that the fact of misrepresentation be established. So long as interest excluded from the witness stand, the jury had no way of determining the question of inducement, except by considering the importance of the matter concerning which the misrepresentation was made, and the situation of the parties to the transaction. These are yet matters for consideration, and there may be cases in which nothing better can be afforded; but now that the parties may testify in their own behalf, and where, as here, this is done, and the party testifies to the misrepresentation with great particularity, it is not asking too much to insist that he shall not leave it to the jury to speculate and conjecture as to whether he was influenced by the misrepresentations of which he complains, without some expression from his own lips on that subject. We have looked through the testimony of the defendant with great care, but have failed to find a single expression to indicate that in making this bargain, he depended on the statement of the plaintiff as to the location of the land, and was influenced accordingly. Whether this was a careful and studied avoidance, or mere inadvertence, we have no way of knowing. Be that as it may, it was a serious omission. The land which was the subject of the agree-

ment and about which the misrepresentation was alleged to have been made, was distant from the defendant's mill, which had been operating for eight years, not more than 300 yards. The misrepresentation had regard to its location with respect to a stream of water with which the defendant was perfectly familiar. Under such a state of facts, a finding by the jury, as matter of inference purely, that the misrepresentation, if such it was, was the inducement to the contract, without which defendant would not have purchased, could not be sustained. The defendant was asking the jury to say for him what he failed or declined to say for himself.

Judgment affirmed.