## Whychulis v. Philadelphia & Reading Coal and Iron Co.

*Workmen's compensation — Course of employment — Violation of mining laws—Misdemeanor—Evidence.*

1. A miner who is injured on his employer's premises while engaged in an act violating the mining laws is not entitled to compensation under the Workmen's Compensation Act.

2. The commission of a crime can be proved in all civil cases when relevant to the issue.

3. This rule is applicable in workmen's compensation cases.

4. Where an order of the Compensation Board affirming an award of the referee contains no finding as to the injury occurring while the claimant was committing a misdemeanor, and such finding is essential to a disposition of the claim, the case will be remanded to the board for further action.

Appeal by defendant from order of Compensation Board affirming award of referee.  C. P. Schuylkill Co., Jan. T., 1926, No. 677.

*Roger Dever*, for plaintiff.

*John F. Whalen* and *George M. Ellis*, for defendant.

BERGER, J., Feb. 15, 1926.—This is an appeal by the defendant from an order of the Compensation Board affirming the referee's award of compensation to the claimant for injuries sustained by a gas explosion while at his work in one of the defendant's mines.  The defence set up in the defendant's

answer to the claim petition is that the claimant's injury is due to his violation of the Act of June 2, 1891, P. L. 176, entitled "An act to provide for the health and safety of persons employed in and about the anthracite coal mines of Pennsylvania and for the protection and preservation of property connected therewith." Sufficient testimony was introduced before the referee to support a finding that the claimant violated rules 9 and 25, article XII, of the Act of 1891, the violation of either, if properly established, being an offence against the act (rule 58), punishable as a misdemeanor (article XVII, § 4). The first finding of fact made by the referee is in part: "(1) The claimant was accidentally burned by an explosion of gas on Jan. 24, 1925, at Maple Hill Colliery of the defendant company while in its employ," from which he drew and stated the legal conclusion that "both sides to this procedure are bound by the provisions of our act" (Compensation Act).

The appeal to the board was based on the referee's alleged error of law in concluding that the parties are bound by the Compensation Act, and his failure to determine, as a question of fact, whether or not the claimant's injuries were the direct result of the commission of a crime. Unquestionably, the evidence would support a finding that the claimant was injured on the premises of the employer during the hours of his employment, but this fact does not necessarily justify a finding that at the time of his injury he was in the course of his employment by his master, for there is testimony to support the contention of the defendant that the claimant abandoned the course of his employment by engaging in the commission of a crime, which, if true, was, of course, wholly foreign to the course of his employment by the master: Callihan v. Montgomery, 272 Pa. 56, 63. The board and the referee have treated the finding that the claimant was in the employ of the defendant at the moment of his injury as the full equivalent of a finding that the injury was sustained in the course of his employment by the master, notwithstanding the ruling in Walcofski v. Lehigh Valley Coal Co., 278 Pa. 84, 87, that an injury sustained by an employee on the employer's premises during the hours of employment does not occur during the course of his employment, if it is the direct result of a violation of a statutory regulation prescribing the manner in which the work shall be done—such violation constituting a crime—even though the criminal act is committed in doing the work for which the master had hired the employee.

The appeal to our court from the decision of the board is based primarily upon its action in holding that when the commission of a misdemeanor is pleaded, to take a claimant out of the course of his employment, as a defence to a claim for compensation, the fact of its commission can only be established by the verdict of a jury. This doctrine was first declared by the board in Debola v. Glen Alden Coal Co., A-4611, not yet reported, by Morrison, Commissioner, in these words:

"Violation of the mining laws is a misdemeanor and the finding of guilt or innocence is solely within the power of a jury; it is not within the province or power of the Workmen's Compensation Board or referees to convict or acquit any claimant or defendant of a misdemanor or a crime from evidence adduced at compensation hearings.

"From a practical standpoint no little confusion might result were the board or a referee to adjudge a claimant guilty of violating the anthracite mining laws and a jury later acquit him of the charge. The board might with equal futility pass on allegations of violation of mining laws by defendants, for, if violation by a claimant annuls the right conferred by article III of the Workmen's Compensation Act and the board has power to adjudge, the

status of the defendant who is accused of violating the mining laws in respect to freedom from liability, conferred by article III, might, with equal propriety, come before the board for determination.

"The only competent evidence of violation of mining laws, or any other law, the breaking of which defeats the right to compensation, is a verdict of guilty from a court of record.

"A man who knowingly violates the mining laws, or any other law whereby his life and the lives of others are jeopardized, or is grossly negligent, deserves no compensation; but the Workmen's Compensation Board is not the proper tribunal for the trying of such offences. Therefore, though it is apparent the claimant in this case was negligent and may have committed a misdemeanor, the referee erred in concluding as a matter of law that he had violated one of the statutes of this Commonwealth."

The general rule in Pennsylvania is that the commission of crime can be proved in all civil cases, when relevant to the issue, without a trial first had in the criminal courts, the burden of proving the criminal act, however, by the weight of the evidence being upon him who asserts it: Somerset County Mutual Fire Insurance Co. *v.* Usaw et ux., 112 Pa. 80, 90; Sieber *v.* Pettit, 200 Pa. 58, 67. There is nothing in article III of the Compensation Act, in our opinion, which precludes the application of this general principle in the hearing and determination of claims for compensation.

A finding, made in accordance with the view just expressed, on the question whether or not claimant violated rules 9 and 25, or either, of the Act of 1891, is essential to a disposition of this case. No such finding has been made, and the court is without power to make it; hence, the case must be remanded for further action: Koser *v.* Philadelphia & Reading C. & I. Co., 21 Schuyl. Legal Rec. 225.

And now, Feb. 15, 1926, the action of the board is reversed and the record is remitted to it for further hearing and determination.

From M. M. Burke, Shenandoah, Pa.

NOTE.—Debola *v.* Glen Alden Coal Co. will be reported in 10 Work. Comp. Board Decisions.