Greenberg *v.* Aetna Insurance Company,
Appellant.

Argued October 2, 1967.   Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS,
JJ.

*Loyal H. Gregg,* with him *White, Jones and Gregg,* for appellants.

*Melvin Schwartz,* with him *Cooper, Goodman & Schwartz,* for appellee.

OPINION BY MR. JUSTICE EAGEN, November 14, 1967:

This is an action instituted by the insured on two separate fire insurance policies to recover the loss resulting from a fire in a shopping center where he owned and operated a drug store. At trial the jury returned a verdict in favor of the plaintiff, and from the judgment entered thereon the defendants appeal.

In their answers to the complaint, the defendant-insurance companies denied liability on the contracts because the fire "was the result of incendiarism, a fact well known to the plaintiff who participated therein, and . . . such participation and failure to disclose this information was the result of concealment and misrepresentation of the plaintiff, thereby voiding the said policy."[1] At trial, evidence was introduced from which the jury could find that the fire involved was of an incendiary nature, and that the plaintiff arranged for the arsonists to set the fire. The plaintiff did not contest that the fire was incendiary (his counsel admitted this to be the fact), but he vehemently denied any knowledge of or participation in the crime.

In his charge the trial judge instructed the jury that if the plaintiff arranged for or instigated the fire or conspired with "others to defraud the insurance company by presenting a false claim", he could not recover on the policies, and that the burden of establish-

---

[1] The policy provided that the contract would be void if before or after a loss, the insured wilfully concealed or misrepresented any material fact. It also provided for nonliability "for loss occurring (a) while the hazard is increased by any means within the control or knowledge of the insured."

ing these allegations was on the defendants "by evidence that is clear, precise and indubitable." The instructions as to the standard of proof required were erroneous.

Where an individual is charged with and tried for a crime, before he may be convicted the Commonwealth must establish his guilt beyond a reasonable doubt. In civil cases, however, the extreme caution and the unusual degree of persuasion required in criminal cases do not obtain. Even though the result may impute a crime, the verdict should follow the preponderance of the evidence, *Somerset County Mutual Fire Ins. Co. v. Usaw,* 112 Pa. 80, 4 A. 355 (1886). As the court stated therein, "In a civil issue, the life or liberty of the person whose act is sought to be proved is not involved, proof of the act is only pertinent because it is to sustain or defeat a claim for damages or respecting the right of things . . . The act affirmed is an incident, a fact, to be proved like other pertinent facts." Id. at 90, 4 A. at 357.

It has been advocated in many jurisdictions that wherever in a civil case a criminal act is charged as a part of the case, the rule as to the standard of proof controlling in a criminal case should apply. However, this position has been repudiated in most instances. See Wigmore on Evidence (3d ed. 1940), Vol. IX, §2498. The rule generally followed in most jurisdictions in such situations is that the criminal act need only be established by a fair preponderance of the evidence. See Wigmore on Evidence, supra. This was the rule adopted in Pennsylvania nearly a century ago in a case where, like here, recovery was sought on a fire insurance policy and the defense of arson was pleaded to defeat the claim. *Somerset County Mutual Fire Ins. Co. v. Usaw,* supra. The same rule has been followed consistently in our courts in similar cases ever since. See *Bobereski v. Ins. Co. of Penna.,* 105 Pa. Superior

Ct. 585, 161 A. 412 (1932), and *Ruttenberg v. Fire Ass'n of Phila. and Aetna Ins. Co.*, 122 Pa. Superior Ct. 363, 186 A. 194 (1936).

In some few specific instances wherein it might be argued a criminal act is charged, a different rule as to the standard of proof has been recognized in Pennsylvania and other jurisdictions. For instance, in cases involving an attempt to set aside or to reform a written instrument on the ground of fraud, it has been held that the fraud must be established by evidence that is "clear, precise and convincing." See *Sulkin v. Gilbert*, 218 Pa. 255, 67 A. 415 (1907); *Easton v. Washington County Ins. Co.*, 391 Pa. 28, 137 A. 2d 332 (1957); and *Evans v. Marks*, 421 Pa. 146, 218 A. 2d 802 (1966). These cases, involving the validity of the execution of the instruments sued upon, are concerned in large part with the application of the parol evidence rule and therefore are distinguishable from the present case. The effort to bring the instant case within the orbit of these decisions is not supported by precedent and is not accepted.

That the instruction under discussion was prejudicial and did, in fact, weigh heavily in the jury's consideration of the case is demonstrated by the following occurrence. After the jury had deliberated for some time without reaching a verdict, it submitted the following question to the trial judge:

"Honorable Judge McKenna

In your charge to the jury, would you mark down the quotation from the book which you quoted at the end of your charge.

George J. McCarthy,
(Foreman).

P.S. *about overwhelming evidence.*" (Emphasis added.)

Since this case must be retried, another incident at trial should be discussed. Plaintiff was permitted to

testify, over objection, that he served in the United States Armed Forces during World War II and distinguished himself with a heroic record. In civil actions evidence of good character or reputation "is inadmissible unless directly in issue or involved in the nature of the proceedings, and even then evidence of good character is not admissible unless and until it is attacked by evidence to the contrary. . . . It is the nature of the issue itself, and not the consequences to be apprehended from the result, that puts character in issue, and therefore the mere fact that the act in question is indictable if proved, or that fraud is charged in the pleadings is insufficient. To be in issue in a technical sense, character must be of particular importance and therefore a material fact in the case." Henry, Penna. Evidence (4th ed. 1953) §152 (Footnote omitted.)

In the instant case the plaintiff's character was not in issue in this sense and therefore testimony in reference thereto was improperly admitted. *American Fire Ins. Co. v. Hazen*, 110 Pa. 530, 1 A. 605 (1885) ; *Koonts v. Farmers Mut. Ins. Ass'n*, 235 Iowa 87, 16 N.W. 2d 20 (1944) ; *Millers Mut. Fire Ins. Co. v. King*, 232 Miss. 260, 98 So. 2d 662 (1957) ; *Lakes v. Buckeye State Mut. Ins. Ass'n*, 110 Ohio App. 115, 168 N.E. 2d 895 (1959) ; Annot. 78 A.L.R. 643, 649 (1932). It is argued that because the testimony involved came from the lips of the plaintiff himself, rather than from those of a third party, the rule is different. We do not agree. This is a distinction without a difference.

Judgment reversed and new trial ordered.