## WOODRUFF V. WHITTLESEY.

Trover for a heifer. The plaintiff claimed said heifer by a trans-
fer from Nathaniel B. Woodruff: The defendant alleged the
transfer was fraudulent, and on this point rested his defense.

The court will never resort to the evidence on which a verdict
is founded, as a ground of arrest, but will consider as con-
clusive the facts found by the verdict.

Note.— A party to a fraudulent conveyance, and not a party in
the suit, cannot be a witness, nor is what he has said, when
the party sued was not present, admissible.

THIS was an action of trover for a heifer. Plea, not guilty.
The plaintiff claimed the property of the heifer, by a transfer
from Nathaniel Baldwin Woodruff, on the 24th day of Octo-
ber, 1783, in payment of a debt due to the plaintiff by note.
Two witnesses testified to the sale: They said it was in the
evening — that they were only called in to witness the bill
of sale, which was written in another room. They did not
see any note delivered up, but understood from the conversa-
tion, which then passed between Baldwin Woodruff and the
plaintiff, that a certain debt, due by note, was the considera-
tion of the bill of sale.

The only question was, whether the transfer from Baldwin
Woodruff to the plaintiff, was fraudulent. The defendant,
Whittlesey, was a constable, and at the suit of one Murray,
attached the heifer in question, the 18th day of November,
1783, as the property of Baldwin Woodruff. It was proved
by the defendant, that the possession of the heifer, after the
pretended transfer to the plaintiff, was not changed, till taken
by the defendant. That the bill of sale, by which the plain-
tiff claimed, was dated one day before Baldwin Woodruff
had acquired any property in the heifer; and he had fre-
quently said, he never would pay Murray anything, but
would put his estate out of his hands to avoid it (though it
was at that time only a right of action).

These circumstances were urged by the defendant as so many indisputable badges of fraud, to which was cited, 2 Wilson's Reports, 260; 3 Coke, 82; Twine's case, 1 Burrow, 467; Worseley et al. v. De Mattos and Slader, 2 Burrow, 831; Wilson v. Day, Cowper's Reports, 434.

The jury found a verdict for the defendant, which was accepted by the whole court.

The plaintiff's counsel then moved in arrest of judgment, and for cause alleged,—

1. That on trial of said cause before the court and jury, the only question was, whether the transaction between Solomon Woodruff, the plaintiff, and Nathaniel B. Woodruff, on the 24th day of October, 1783, relative to the sale of said heifer, was fraudulent, as it respected a demand of one Philemon Murray, upon said Nathaniel B. Woodruff. And that in evidence, the defendant exhibited a writ of attachment, in favor of said Murray, against said Baldwin Woodruff, in an action for slander, demanding forty shillings damages; which writ was dated the 7th day of October, and served the 18th day of November, 1783: And that said writ of attachment, and judgment thereon, was the only evidence of any debt, on the part of said Murray, against said Baldwin Woodruff, which could not be considered as a debt, until after said 18th day of November; therefore, at the time of said bargain and sale of said heifer, from said Baldwin Woodruff to the plaintiff, there was no certain claim, debt or demand existing, on the part of said Murray, against said Baldwin Woodruff, so as to make said sale fraudulent.

2. That one of the jurors who tried said cause, had previously to said trial given his opinion in said cause.

The motion was overruled.

By the whole COURT. The first exception is insufficient; because the court, on motion in arrest, after a general verdict of the jury, cannot resort back to the evidence on which

the verdict was founded, to set it aside, but must render judgment according to the facts found.

And, upon examination into the facts alleged in the second exception, it does not appear that there was any partiality in the juror, who is said to have given his opinion in the case, before the trial, as he declares he had no remembrance of it; and although it was testified by two young men that they had heard him, some years ago, give his opinion in a transient discourse, yet it doth not appear that, that opinion was founded on a full knowledge of the case, or that it had any influence on his mind in the trial. And it was further shown, that the other jurors were very unanimous in giving their verdict as they did, before they had heard his opinion.

Note.— In this case it was moved, on the part of the defendant, that he might introduce testimony of what Baldwin Woodruff had acknowledged, as to the fraud in said sale. But,

By the Court. What a person hath been heard to say, who is only interested in the event of a suit, but not a party to it, cannot be given in evidence; for though a person may confess for himself, he cannot for another.

It was also moved to inquire the character of the parties to the fraudulent conveyance, as to honesty — which was overruled by the court.