## LEINKAUF & STRAUSS v. J. R. BRINKER.

1. EVIDENCE.    *Charge of fraud.    Proof of good character, when inadmissible.*
   Where, on the trial of an issue joined between the plaintiff in an attachment suit and a claimant of the property attached, to try the right of property, the latter bases his claim upon a purchase of the property from the defendant, and such purchase is assailed by the plaintiff as fraudulent, whether upon positive or circumstantial evidence, it is not permissible for the claimant to adduce testimony to show that, in the community in which he lives, his general character for honesty and fair dealing is good.

2. SAME.    *Civil suit.    Testimony as to character, when admissible.*
   In a civil suit, it is only where the *general conduct* of a party *is put in issue* that evidence of his general character is admissible.

APPEAL from the Circuit Court of Clay County.

HON. J. M. ARNOLD, Judge.

A sufficient statement of the case will be found in the opinion of the court.

*Fred & F. M. Beall,* for the appellants.

The first error complained of in this cause is that the court below permitted testimony to go to the jury as to the character of the claimant, J. R. Brinker, over the objection of the plaintiffs. We think this was undoubtedly error. The decisions all agree, so far as we can discover, that it is only in rare and exceptional cases that testimony as to character is admissible, and never in such a case as the one at bar. As was said by Justice Cowen in *Gough* v. *St. John,* 16 Wend., on page 652 : "Causes charging cruelty, gross fraud, and even forgery are often agitated in suits by individuals, and the result not unfrequently affects the property and reputation of the party deeply ; *yet no individual has been permitted to attempt to repel the proof by showing a good reputation.*"

In the case above quoted from there were three decisions rendered, the court having been divided upon some questions involved, but each held that a new trial should be granted, for the reason that testimony as to the character of the defendant had gone to the jury upon the trial in the court below.

Upon this point we especially refer the court to the following

authorities: *Gough* v. *St. John*, 16 Wend. 646 ; *Schmidt* v. *Ins. Co.,* 1 Gray 529 ; *Fowler* v. *Ins. Co.*, 6 Cow. 673 ; *Humphrey* v. *Humphrey,* 7 Conn. 116 ; *Atty.-Genl.* v. *Bowman*, 2 Bos. & Pul. 532, note.

*White & Fox*, for the appellee.

Evidence to show Brinker's character for honesty is admissible in this case, because his character is attacked by an attempt of the plaintiff to show a fraudulent intent on his part.

Ordinarily, in the trial of the claimant's issue, it is not necessary for the plaintiff to show a fraudulent intent on the part of *claimant.* It is enough to show fraud on the part of defendant in the attachment, and then show that claimant had notice of the fraud, or had reasonable grounds to believe that the sale was made for the purpose of defrauding creditors. But in this case claimant is within the rule laid down by Mr. Bump, that if the purchase exceeds the amount of indebtedness, still, if the excess is reasonably necessary to secure the payment of the debt, the purchase to the whole extent will be upheld and regarded as valid unless there are other circumstances to show a *fraudulent intent* on the part of the purchaser.

Hence, in this case, plaintiffs are bound, before they can recover, to show a fraudulent *intent* on the part of Brinker. This is attacking directly his character for honesty, and he has a right to rebut by proving his good character.

The rule as laid down by Mr. Greenleaf is that wherever the defendant is charged with fraud from *mere circumstances*, evidence of his good character is admissible to repel it. 1 Greenleaf on Evidence, § 54.

ARNOLD, J., delivered the opinion of the court.

Appellants commenced suit by attachment against T. C. Smith, a merchant of Clay County, and certain property consisting of a stock of goods levied on under the writ of attachment was claimed by J. R. Brinker, the appellee. His claim was based on a sale of the goods to him by Smith, alleged to have been made a few days before the attachment was levied. After judgment by default

in the attachment against Smith there was a trial of the right of property on the issue joined between the plaintiffs in attachment and the claimant, which resulted in favor of the claimant.   On the trial of this issue the sale of the property to claimant was assailed as fraudulent and void, and much testimony, mainly circumstantial, was heard on this point.   Under these conditions the claimant offered and was permitted by the court to introduce testimony to show that his general character for honesty and fair dealing in the community in which he lived was good, to all of which appellants objected.   The ruling of the court on this subject is assigned for error here, and it is the only assignment necessary to be noticed.

The authority relied on for the admission of the evidence as to the good character of the claimant is found in 1 Greenleaf on Evidence, § 54, where, after stating that in civil cases such evidence is not admitted unless the nature of the action involves the general character of the party or goes directly to affect it, this learned and excellent author adds, "and generally, in actions of tort, wherever the defendant is charged with fraud from mere circumstances, evidence of his general good character is admissible to repel it." *Ruan* v. *Perry*, 3 Caines 120, is cited as authority to support this text.   In that case the commander of a national frigate was sued in trespass for seizing and detaining the plaintiff's vessel and taking her out of her course, by means whereof she was captured by an enemy.   It became an important question in the trial to determine whether the defendant acted in honest obedience to his instructions from the navy department, or with a fraudulent intent and in collusion with the captors, as the plaintiff alleged and attempted to show by circumstances.   To repel this imputation, the defendant was permitted to appeal to his good character.   *Ruan* v. *Perry* was recognized as authority in *Fowler* v. *Ætna Fire Ins. Co.*, 6 Cow. 675, and afterward by Chancellor Walworth in *Townsend* v. *Graves*, 3 Paige 455, 456, but it was positively condemned and overruled in *Gough* v. *St. John*, 16 Wend. 646. *Gough* v. *St. John* was an action on the case for a false and fraudulent representation as to the solvency of another.   On this issue it was held that evidence of the general good character of the de-

fendant for honesty and fair dealing was not admissible. *Ward* v. *Henderson*, 5 Port. 382, was a suit of the same nature in which the same conclusion was reached as to the admissibility of such evidence. *Woodruff* v. *Whittelsey*, 1 Kirby 60, was trover for goods where fraud upon creditors by a colorable bill of sale was involved and the evidence circumstantial, but the general character of the parties to the bill for honesty was excluded. In *Anderson* v. *Long*, 10 S. & R. 55, the plaintiff was not allowed to show his general character for honesty, although the defense was that he had fraudulently obtained the bond upon which the suit was brought. In *Porter* v. *Seiler*, 23 Penn. St. 424, evidence of the general good character of the defendant for peace and order was held to be inadmissible for the purpose of rebutting malice in an action of trespass for an injury inflicted by cutting with a knife. In this case the court observed that the passage from Greenleaf, which has been quoted, is not sustained by any authority except that of *Ruan* v. *Perry*, which they declined to follow, and the court said further, that putting character in issue in civil suits is a technical expression, which does not mean that the character may be affected by the result, but that it is of particular importance in the suit itself, as the character of a plaintiff in an action of slander or that of a woman in an action for seduction. In *Gutzwiller* v. *Lackman*, 23 Mo. 168, plaintiff's deed was assailed as fraudulent and void on the ground that it had been made to hinder, delay, and defraud creditors, but he was not permitted to meet this phase of the case by the introduction of evidence as to his general good character for honesty. *Church* v. *Drummond*, 7 Ind. 17, was an attachment based on the charge that the defendant was about to sell, convey, or otherwise dispose of his property with intent to cheat and hinder his creditors. On the trial the defendant was permitted in the lower court to examine witnesses as to his general character for honesty, but the supreme court held it was error, and expressly repudiated the doctrine of Greenleaf, that when the defendant is charged with fraud from mere circumstances evidence of his good character is admissible to repel it. In *Smets* v. *Plunket*, 1 Strobh. 372, it was adjudged that the plaintiff in *assumpsit*

should not have been permitted in the lower court to introduce testimony as to his general character for honesty where the defense charged him with fraud and dishonesty in the transaction on which the suit was brought. The court said that it is plain that in civil proceedings where the nature of the action itself does not involve the general character of the party, evidence as to that character cannot be offered to contradict an imputation of dishonesty or even of fraud. The transaction presented in any ordinary civil case must depend upon its circumstances, and not upon the character of the parties. In such case, no matter how serious a moral delinquency may be involved in a fact or how much the establishment of that fact may affect a party's reputation, he cannot invoke the aid of his previous character to disprove the fact.

It appears from this examination that the particular part of the text of Greenleaf under consideration is not sustained by authority. The general rule, English and American, is, that if the *general conduct* of a party to a civil suit *is put in issue*, then evidence of his general character, as distinguished from proof of particular acts, is admissible, not to show that particular things were done or not done by the party, but that his general conduct was or was not as alleged. 1 Wharton's Law of Evidence, §§ 47, 48; 1 Taylor on Evidence, § 355.

The judge whose ruling is brought in question by the appeal in this case, with better opportunities for investigation and reflection than were afforded at the trial in the lower court, concurs with his associates here, that error was committed in admitting the testimony as to the claimant's character, for which the judgment must be reversed and the cause remanded for a new trial.

*Reversed.*