Quinn *v.* Louisville & N. R. Co.*

(Division B.   Nov. 22, 1926.)

[110 So. 436.   No. 25972.]

1. Evidence. *Army records of person alleging assault by trainmen held inadmissible as hearsay and tending to influence jury.*

   In action against railroad for injuries alleged to have resulted from being assaulted and kicked off moving freight train, war records of plaintiff showing honorable discharge, certifying good character, *held* inadmissible as being hearsay, and tending to influence jury toward favorable finding for plaintiff.

2. Costs. *Case held properly dismissed on plaintiff's failure to furnish cost bond after verdict was set aside and new trial granted.*

   On setting aside verdict and granting new trial, case was properly dismissed on plaintiff's failure to furnish cost bond as required by court order.

*Corpus Juris-Cyc. References: Costs, 15 C. J., p. 218, n. 34; Evidence, 22 C. J., p. 208, n. 61; p. 474, n. 59.

Appeal from circuit court of Harrison county.

Hon. C. G. Mayson, Special Judge.

Action by Thomas P. Quinn against the Louisville & Nashville Railroad Company. Judgment for plaintiff was set aside and new trial granted, and suit dismissed on plaintiff's failure to furnish bond for costs, and plaintiff appeals. Affirmed.

*Mize & Mize,* for appellant.

I.   Appellee, the Railroad Company, filed a motion to require the plaintiff to give bond for costs, this being the second motion for costs made by this company. The second motion for bond for costs was sustained by the court and the appellant directed to give bond, which he refused to do, and the court thereupon dismissed his cause of action.

The first motion for security for costs was met by the plaintiff's filing his oath of poverty. This poverty oath was contested by the appellee on the ground that Quinn was not a citizen of Mississippi at the time of making the oath, and proof was introduced on the issue as to whether or not Quinn was a citizen of Mississippi at said time, and the court held that he was a citizen of Mississippi at the time of making such oath.

II.   The court was in error in sustaining the motion of appellee to set aside verdict and judgment in favor of the plaintiff for one thousand dollars. The original judgment in favor of appellant for one thousand dollars should be reinstated by this court and judgment here entered. *Ennis* v. *Y. & M. V. R. R. Co.,* 188 Miss. 509, 79 So. 73.

*Smith, Young & Johnston,* for appellee.

The trial judge with a full appreciation of the effect various errors had upon the jury trying the case, set aside the verdict in favor of the plaintiff and the judgment thereon and ordered a new trial. When the case came up for a new trial, a second motion to require security for costs was made. Before the first trial a motion for security for costs had been made on the ground that plaintiff was a non-resident, but the plaintiff claimed that he was a resident of Mississippi, and testimony was taken upon this point. The evidence shows that the

plaintiff had never lived in Mississippi in his life and, in fact, had not reached Mississippi when he was hurt; but he claimed that he was going to make Mississippi his home.

The courts have uniformly held that army discharges are not admissible for the purpose of proving good character, even where it is proper to prove good character. This question is fully discussed by the supreme court of Missouri in *State* v. *Taylor,* 238 S. W., 489, 293 Mo. 210. The same question has been decided in *Taylor* v. *State,* 120 Ga. 857, 48 S. W. 361; *People* v. *Eckman,* 72 Cal. 582, 14 Pac. 359.; *Johnson* v. *State,* 57 Fla. 19, 49 So. 40; *Commonwealth* v. *Crowley,* 26 Pa. (Sup. Ct.) 124; *Burns* v. *State,* 25 Tex. App. 642, 5 S. W. 140.

It is clear, therefore, that the court erred in admitting these certificates, and it appears without doubt from the arguments of counsel that great advantage was obtained for the plaintiff by reason of the introduction of the same. The court, therefore, properly granted a new trial because of this prejudicial error against the defendant.

Holden, P. J., delivered the opinion of the court.

The appellant, Thomas P. Quinn, sued the Louisville & Nashville Railroad Company for damages for personal injuries received on account of being assaulted and kicked off of a moving freight train, resulting in serious bodily injuries, from which he suffered seven weeks in a hospital.

The declaration and the testimony of Quinn presented a case of a brutal assault upon appellant by the trainmen, while appellant was stealing a ride on a freight train between New Orleans and Gulfport.

The testimony offered by the railroad company disputed the story told by appellant, but the jury found for plaintiff in the sum of one thousand dollars.

A motion for a new trial was made by the railroad company and sustained by the court, and the verdict and judgment for one thousand dollars in favor of Quinn was set aside and a new trial granted. Before the court proceeded with the new trial, a motion was made by defendant that the plaintiff be required to furnish a bond for costs, which motion was sustained by the court, and plaintiff failed and refused to furnish this cost bond, whereupon the suit was dismissed, from which ruling this appeal is prosecuted.

The complaint here is that the court erred in setting aside the judgment for one thousand dollars, and granting a new trial, and that the judgment of the lower court, in this regard, should be reversed, and the judgment for one thousand dollars reinstated by this court, citing the case of *Ennis* v. *Y. & M. V. R. Co.,* 118 Miss. 509, 79 So. 73, in support of the contention.

The sole question for our decision is whether or not the court erred in setting aside the judgment for one thousand dollars; and this being true, it becomes necessary for us to review the record in the trial of the case which resulted in the one thousand dollar verdict.

The motion for the new trial, which was sustained by the court, included several grounds, among them being that the court erred in admitting certain records and documents which went to show that Quinn, the plaintiff, had enlisted in the United States army, and had been honorably discharged therefrom, and in admitting many other written statements and certificates regarding his army service and character for a number of years before and after the World War, over the objection of appellant, for the purpose of showing the good character of Quinn. Another ground upon which the new trial was asked was that the overwhelming weight of the evidence in the case showed that the story of Quinn, as to being assaulted by the trainmen, was false.

We think the trial judge erred in admitting these numerous certificates, etc., showing the honorable discharge

of Quinn from the United States army, which certificates also pertained to his character and the battles in which he had fought. These certificates were given at different times during a period of many years, while Quinn was in the United States army. We are unable to see how this testimony was competent. It did not bear upon any material issue in the case; it only tended to "prop up" the testimony of Quinn, and influence the jury toward a favorable finding for him.

We do not say that the admission of a reasonable amount of such certificate testimony would have been reversible error, for possibly it was permissible to show that Quinn had served in the United States army as an avocation for several years, but, as to the statements of the different officers in the certificates that Quinn had a good character, and that he had fought bravely in such and such battles, it was *ex parte*, hearsay, and went too far into matters not involved in the lawsuit, and was prejudicial to the rights of the defendant railroad company. Therefore we think the court erred in the trial of the case in which the one thousand dollar verdict was rendered, and that it was correct in setting aside the judgment and granting a new trial.

So it follows that the dismissal of the case before the second trial proceeded, because the cost bond was not given, was proper, and we see no reason for reversing the judgment and reinstating the former judgment for one thousand dollars.

It becomes unnecessary, as will be observed, to decide the other point, as to whether or not the testimony in the record overwhelmingly disproved the story of Quinn as to being brutally ejected from the moving freight train, and we do not decide that question. However, it may not be considered as uninteresting, or out of order, to say that the testimony of a large number of witnesses for the railroad company, together with the physical facts and circumstances shown in the case, were exceedingly convincing to the ordinary mind that the story of the

appellant, Quinn, was very doubtful, and perhaps wholly untrue.

The record shows that, when he was picked up from the side of the track and carried to the hospital by the trainmen, he was in a drunken condition, and probably did not know how he fell off the freight train, nor how he was injured. Three of the nurses at the hospital, together with a large number of other witnesses, testified as to Quinn's drunken condition when brought to the hospital.

Of course, even a drunken man should not be mistreated, but the physical circumstances, together with some of the undisputed testimony in the case, showed that Quinn had not been willfully or wrongfully injured by the railroad employees on the train from which he evidently fell and was injured.

Judgment of the lower court is affirmed.

*Affirmed.*