## Northern Assurance Company v. Griffin.

## Home Insurance Company v. Same.

## New Hampshire Fire Insurance Company v. Same.

(Decided December 2, 1930.)

FRANK M. DRAKE and JAMES DENTON for appellants.

B. J. BETHURUM and W. N. FLIPPIN for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

The appellee obtained judgment in the Pulaski circuit court in each of the three captioned cases which were tried together. The suits were on insurance policies covering a store which was destroyed by fire. The defense was that appellee himself burned the property. It was admitted that the property had been destroyed by fire of incendiary origin.

Without taking space to make a statement of the evidence on both sides, it is sufficient to say that facts and circumstances were established from which inferences might have been drawn by the jury that appellee was guilty of burning his own property. On the other hand, he established a strong case for himself, and that made a case for the jury to determine on the main issue.

The instructions are not called in question. Appellants rely on two main grounds for reversal: One that the court erred in allowing the introduction of character evidence for the purpose of establishing the good character of appellee when it had not been attacked; the second ground is misconduct of counsel; and there is a third ground relied on by the New Hampshire Fire Insurance Company that the petition contained no allegation of value. The other two appellants also contend that the allegations of value were not sufficient in the petitions filed against them.

Counsel for appellee take the position that the evidence tending to show the good character of appellee was competent, and they cite many decisions of the courts in other jurisdictions upholding their contention. They admit, however, that there is authority to the contrary. If there are two lines of decisions on a particular point that can be decided only one of two ways, and Kentucky has taken no position, the court will consider all of the authorities and agree with one line or the other, but, if our court has already aligned this juris-

298

diction on one side or the other, we will adhere to the alignment so made unless there are sound and substantial reasons for departure from former decisions.

The recent case of Colker v. Connecticut Fire Insurance Co., 224 Ky. 837, 7 S. W. (2d) 502, places our court among those holding that such evidence is not competent  Many cases are cited in that opinion showing that Kentucky has from the beginning held that such evidence is incompetent, with certain exceptions not necessary to mention at this time, as this case does not fall within the exceptions.

It was held in the case of Leahman v. Broughton, 196 Ky. 147, 244 S. W. 403, in an assault and battery case, that neither under the general rule nor any exception thereto may the defendant in such an action prove his good reputation for the purpose of establishing his innocence of the charge. It was said in that opinion that such evidence possessed only remote, if any, probative effect upon the issue, and that its introduction is productive of more harm than good and makes it a weapon which may be used by the strong against the weak and obscure. The judgment must be reversed because of this error. We will not go into the other questions, as the attorneys representing appellee will not pursue the same line of argument on another trial that was objected to. The trial court sustained the objections made to the argument, but sometimes that does not remove the impression from the minds of the jury. Counsel should confine his argument to the rules often announced by this court and which were lately mentioned in the case of McHargue v. Com., 231 Ky. 82, 21 S. W. (2d) 115.

There is grave doubt as to whether the petitions contain allegations of value such as meet the requirements of the opinion in the case of Federal Fire Insurance Co. v. Harvey & Co., 225 Ky. 838, 10 S. W. (2d) 311.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.