MILLERS MUTUAL FIRE INSURANCE COMPANY OF TEXAS, et al. *v.* KING

No. 40567 December 2, 1957 98 So. 2d 662

*Watkins & Eager,* Jackson, for appellants.

*Morse & Morse,* Jackson, for appellee.

ARRINGTON, J.

Earl O. King, doing business as King Building and Supply Company, appellee, brought suit against Middlesex Mutual Fire Insurance Company and Millers Mutual Fire Insurance Company of Texas, appellants, for loss by fire of building supplies and materials in the amount of $18,050.72. The suits were consolidated and the jury returned a verdict for the amount sued for, from which judgment the appellants appeal.

The record in this case is voluminous and we will not detail the evidence. After a careful examination of the record we are of the opinion that the appellee's evidence was sufficient to withstand the requested peremptory instruction, and that the issues were for the determination of the jury. The appellants' defenses were, among other things, that the appellee burned the property in question, or caused same to be burned; and that the appellee had wilfully concealed material facts concerning the insurance and the subject thereof and sworn falsely thereto.

 █ In the third assignment of error, the appellants contend that the trial Court erred in admitting over appellants' objections testimony that the genreal reputation of the appellee in the Community in which he lived was good and that his general reputation for honesty and integrity was good. It is a general rule of law, adhered to in all but a few jurisdictions, that a party to a civil action is not entitled to bolster his case by introducing evidence of his good character even if his adversary charges him in the pleadings with committing a legal wrong, or even an act for which he might be subjected to criminal prosecution, such as conspiracy, embezzlement, fraud, incendiarism. 32 C. J. S., Evidence, Secs. 423-426; 20 Am. Jur., Evidence, Sec. 319; Anno., 78 A. L. R. 643; Quinn v. L. & N. R. R. Co., 144 Miss. 505, 110 So. 436; Meador v. Hotel Grover, 193 Miss. 392, 9 So. 2d 782; Koonts v. Farmers Mutual Insurance Assn. of Van Buren County, 235 Iowa 87, 16 N. W. 2d 20; Northern Assurance Co., et al. v. Griffin, 236 Ky.

296, 33 S. W. 2d 7; Wood v. General Insurance Co. of America, 229 Mo. App. 296, 77 S. W. 2d 167.

This Court is committed to the general rule above stated. In Leinkouf v. Brinker, 62 Miss. 255, this Court said:

". . . . it is plain that in civil proceedings where the nature of the action itself does not involve the general character of the party, evidence as to that character cannot be offered to contradict an imputation of dishonesty or even of fraud. The transaction presented in any ordinary civil case must depend upon its circumstances, and not upon the character of the parties. In such case, no matter how serious a moral delinquency may be involved in a fact or how much the establishment of that fact may affect a party's reputation, he cannot invoke the aid of his previous character to disprove the fact."

In Graves v. Johnston, 179 Miss. 465, 176 So. 256, this Court held that it is the general rule in an ordinary civil case that parties may not support their position by offering testimony as to their good character or reputation and it is only when good character or reputation is the issue, such as in slander, false imprisonment and like causes that such evidence is admissible, citing 10 R. C. L. 947, et seq.; Leinkouf v. Brinker, supra; 52 Am. Dec. 183; Harris v. Sims, 155 Miss. 207, 124 So. 325; Pounders v. Day, 151 Miss. 436, 439; 118 So. 298.

Appellee does not dispute the general rule, nor that Mississippi adheres thereto, but relies upon the exception that evidence of good character may be admissible on the ground that character is an issue because of the nature of the action or of the pleadings and evidence. 32 C. J. S., Evidence, Sec. 424.

In this connection, appellee contends that since the pleadings charged him with the crime of arson, his character was put directly in issue. We do not agree with this contention. Appellee's character was not directly in issue in the case, although there is no doubt

that an adverse judgment would have seriously reflected upon his character.

"The great majority of the courts are of the opinion that the character of a party is put in issue, in civil actions, only by the nature of such actions, as for seduction, criminal conversation, libel and slander, malicious prosecution, and the like—actions in which character may be the very matter in issue in determining the right to and the extent of recovery. Consequently this group holds that, regardless of the baseness of the criminal acts or moral depravity on which the charge of fraud is based in a civil action, a party may not put in evidence the fact of his previous good character, merely to rebut the charges or imputations of fraud. It has generally been held that the admission of such evidence is ground for reversal." Anno., 78 A. L. R., p. 644.

This was a close case on the facts and we are of the opinion that the admission of this evidence was prejudicial and reversible error.

Reversed and remanded.

*Roberds, P. J.,* and *Hall, Kyle* and *Gillespie, JJ.,* concur.