Lomer ELLIS, Sr., Irene Ellis, his wife, and Lomer Ellis, Jr., Appellants,

v.

Howard ELLIS, Appellee.

Court of Appeals of Kentucky.

Nov. 7, 1980.

Rehearing Denied Feb. 13, 1981.

Discretionary Review Denied March 24, 1981.

Ronald M. Sullivan, Owensboro, for appellants.

John D. Miller, Owensboro, for appellee.

Before COOPER, HOWARD and VANCE, JJ.

COOPER, Judge.

This is an appeal from a judgment for the appellee, defendant below, in an action for intentional trespass. The question presented herein is whether the trial court erred in allowing the appellee to introduce evidence with respect to his reputation for truth and honesty. On review, we find that the trial court so erred and reverse and remand.

In February of 1979, the appellants, Lomer Ellis, Sr., Irene Ellis, and Lomer Ellis, Jr., filed this action against the appellee, Howard Ellis, for intentional trespass. Specifically, the appellants alleged that in October of 1977, the appellee willfully trespassed on land owned by them, and damaged said land by spreading seeds of Johnson Grass and wild cane on it. The appellants sought both compensatory and punitive damages. Thereafter, the action was tried, with the appellants' evidence against the appellee being primarily circumstantial. In defending the action, the appellee acted as a witness in his own behalf. During his cross-examination, the appellee was impeached by the use of a prior inconsistent statement. The appellee then sought, over the objection of the appellants, to introduce evidence of his good reputation for truth and veracity as well as honesty and fairdealing. This testimony, in the form of numerous character witnesses, was permitted by the trial court. The jury subsequently found for the appellee and it is from this judgment that the appellants now appeal.

■ Principally, the appellants argue that the trial court committed reversible error in allowing the introduction of character evidence in behalf of the appellee. We agree. As a general rule, evidence of character is inadmissible in civil litigation. *West v. Mason*, 2 Ky.Opin. 316 (1868). As a corollary to this rule, it has been held that evidence of a party's good character is inadmissible in a civil action in which the party is charged with wrong-doing. *Northern Assurance Co. v. Griffin*, 236 Ky. 296, 33 S.W.2d 7 (1930); *Colker v. Connecticut Fire Ins. Co.*, 224 Ky. 837, 7 S.W.2d 502 (1928). Such a rule derives from the principal that

only relevant evidence should be admissible. Where the pleadings in an action raise an issue of fact rather than one of the character of a party, evidence of that party's character is irrelevant and therefore inadmissible. *Hignite v. Nantz*, 254 Ky. 214, 71 S.W.2d 442 (1934).

■ This rule excluding evidence of a party's character where character is not an issue derives as well from the concept of fundamental fairness and impartiality. To allow a party to introduce evidence of his reputation when such is not an issue is to allow for the possibility of unnecessary prejudice. Such evidence of no probative value to the factual questions at issue can only result in unfairness to the other party. Here, the issue before the jury was not the appellee's honesty, but whether he committed the act of intentional trespass. In allowing the appellee to introduce abundant character witnesses, the trial court inadvertently transformed an impartial judicial proceeding into a swearing contest. Such was clearly prejudicial to the appellants. *Leahman v. Broughton*, 196 Ky. 146, 244 S.W. 403 (1922).

■ Aside from the question of fundamental fairness, the trial court's action clearly violated established rules of evidence. The credibility of a witness or party may not be rehabilitated by character evidence until after it has, in fact, been attacked. *Shell v. Commonwealth*, 245 Ky. 223, 53 S.W.2d 524 (1932); Lawson, *Kentucky Evidence Law Handbook*, § 4.5(A)(3) 1976. Furthermore, a witness or party who has been impeached by the use of a prior inconsistent statement may not seek to be rehabilitated through the introduction of evidence of his good reputation for truth and veracity. *See* Lawson, *supra*, § 4.10(C)(3); *Vance v. Vance*, 59 Ky. (2 Metc.) 581, 8 Ky.Opin. 399 (1859).

■ Here, the appellee sought to rehabilitate his credibility by the introduction of character evidence after he had been impeached by the use of a prior inconsistent statement. And, he sought to introduce evidence of his reputation for honesty and

veracity when his reputation had not been attacked. Given these facts, together with the inevitable prejudice which resulted to the appellants, we are bound to reverse the judgment below, and direct the trial court to enter a new trial for the appellants.

Accordingly, the judgment of the trial court is reversed, with directions that a new trial be entered for the appellants.

All concur.